## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MICHAEL LAWRENCE,  ROBERT )
SHERBURNE, CARROLL GREGG, )
WILLIAM WETMORE, and TIMOTHY )
ARNOLD, )
                      Plaintiffs, )
  )
v. )     Case No. CIV-06-1266-F
  )
THE HONORABLE ALLEN McCALL, and )
THE COMANCHE COUNTY DISTRICT )
COURT; THE HONORABLE TWYLA GRAY, )
THE HONORABLE JERRY D. BASS, and )
THE OKLAHOMA COUNTY DISTRICT )
COURT; THE HONORABLE JOHN W. )
 MICHAEL, and THE GARFIELD COUNTY )
 DISTRICT COURT; THE HONORABLE )
CHARLES S. CHAPEL, and THE )
OKLAHOMA COURT OF CRIMINAL )
APPEALS, )
  )
                    Defendants. )

## REPORT AND RECOMMENDATION

      Plaintiffs are state prisoners, appearing *pro se*, who filed this action pursuant to 42

U.S.C. § 1983 alleging violations of their civil rights.  Plaintiffs challenge the statutory

sentencing procedures in the State of Oklahoma and seek declaratory and injunctive relief.

The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)

and (C).  The Complaint submitted by Plaintiffs has been examined.  Because the Complaint

fails to state a claim upon which relief may be granted, it is recommended that this action be

dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

I.      **Background and Claims Presented**

Plaintiffs are all prisoners in the custody of the Oklahoma Department of Corrections who are currently serving sentences entered against them after separate, unrelated convictions.

Plaintiff Michael Lawrence was convicted in the District Court of Oklahoma County, Case No. CF-93-4619 (Feb. 3, 1994).  He was sentenced to 20 years on each of four counts to be served consecutively.  Complaint at 1-2.

Plaintiff Robert Sherburne pled guilty to and was convicted on six counts in the District Court of Garfield County, Case No. CRF-2000-421 (Jun. 14, 2001).  He was sentenced to six terms of imprisonment to be served consecutively.  Complaint at 2.

Plaintiff Carroll Gregg was convicted in the District Court of Oklahoma County, Case No. CRF-89-4690 (May 1990) on 141 counts with most of the resulting sentences, totaling 121 years, to be served consecutively.  Complaint at 2.

Plaintiff Timothy Arnold was convicted in the District Court of Oklahoma County, Case No. CF-99-4395 (Jul. 26, 2000) and Case No. CF-01-4587 (Oct. 23, 2002).  He is serving the sentences in the two cases consecutively.  Complaint at 2-3.

Plaintiff William Wetmore was convicted in the District Court of Comanche County, Case No. CRF 98-441 (Mar. 30, 2000) and sentenced on six counts with all sentences to be served consecutively.  Complaint at 3.

Plaintiffs name as defendants in this action the state district court judges who entered the consecutive sentences.[1]  Plaintiffs also name as defendants each of the state district courts.  Finally, Plaintiffs name the Oklahoma Court of Criminal Appeals (OCCA) and the Honorable Charles S. Chapel, identified by Plaintiffs as the Presiding Judge of OCCA. Plaintiffs allege that Judge Chapel and the OCCA "enforced" the sentencing procedures challenged in this action.

The crux of Plaintiffs' claim is that the Defendants violated Plaintiffs' Sixth and Fourteenth Amendment rights by following the sentencing procedures set forth in Okla. Stat. tit. 22, § 976.  *See* Complaint at 5.  This statute provides:

> If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses.  Provided, that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence.

Okla. Stat. tit. 22, §976.  Plaintiffs contend that this statute gives the state district court judges the discretion to decide whether a criminal defendant's sentences on multiple counts or in multiple cases will be served concurrently or consecutively and improperly excludes the jury from that determination.  Plaintiffs argue that under Supreme Court law set forth in *Hicks v. Oklahoma*, 447 U.S. 343 (1980), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), criminal defendants have a right to have their "total punishment" decided by a jury.  According to Plaintiffs, having to serve multiple

---

[1]Plaintiffs, however, did not include The Honorable Virgil Black who entered the judgment and sentence against Plaintiff Lawrence.

sentences consecutively, as opposed to concurrently, has significant impact on the "punishment" a criminal defendant receives, and only a jury may make this determination.

Plaintiffs seek declaratory relief from this Court in the form of judgment declaring Oklahoma's sentencing procedures unconstitutional. They seek injunctive relief requiring Defendants to hold new sentencing hearings for each of the Plaintiffs. They seek a change in the Oklahoma sentencing procedures which they allege are currently not in compliance with the dictates of the Sixth and Fourteenth Amendments. Finally, they seek reimbursement for the costs of this litigation. *See* Complaint, Request for Relief at 17.

## II.    <u>Standard of Review</u>

This Court is obligated to review complaints filed by prisoners seeking redress from governmental entities, or officers or employees of governmental entities. *See* 28 U.S.C. § 1915A(a). The Court is directed to "identify cognizable claims" and to dismiss the entire complaint or any portion of the complaint which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections* 165 F.3d 803, 806 (10th Cir. 1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

III.   **Analysis**

Although Plaintiffs  attempt to present their claims under the rubric of a civil rights action pursuant to 42 U.S.C. § 1983, they are in essence attempting to obtain habeas corpus relief.   Their constitutional challenges to the sentencing procedures that governed their sentences are challenges which necessarily implicate the invalidity of their sentences.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (a federal challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under habeas corpus).[2]  Plaintiffs' claims are dependent on a finding that the sentencing procedures under Oklahoma law are unconstitutional.  Such a finding would be tantamount to declaring that Plaintiffs' sentences are not valid.

Pursuant to  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), if a state prisoner brings a claim seeking damages for an allegedly unconstitutional conviction or sentence, the claim is not cognizable under § 1983 and must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has previously been invalidated.  *Heck*, 512 U.S. at 486-87.  *See also Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999) ("[F]or § 1983 claims necessarily challenging the validity of a conviction or sentence, *Heck* delays the rise of the cause of action until the conviction or sentence has been

---

[2]Should Plaintiffs attempt to bring habeas actions, it appears that some of them would be time-barred by the one-year limitations period governing such actions. *See* 28 U.S.C. § 2244(d)(1). It is not recommended that this action be construed as a habeas action, however, and it is therefore unnecessary to consider whether some or all of the Plaintiffs would be time-barred from seeking habeas relief.

invalidated.").  The Supreme Court has extended the rationale of *Heck* to § 1983 claims seeking declaratory relief, *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997), and has recognized that the bar extends to § 1983 actions regardless of the relief sought.  *See Wilkinson v. Dotson*, 544 U.S. 74 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.")  *Id.* at 81-82 (emphasis in original).

Plaintiffs have alleged no facts that demonstrate prior invalidation of any of their sentences.[3]  Because success in this action would necessarily imply the invalidity of Plaintiffs' sentences and the duration of their confinement and because Plaintiffs cannot demonstrate that their sentences have previously been invalidated, this civil rights action must be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[4]

---

[3]In fact, only Plaintiff Carroll Gregg indicated on the form Complaint that he has begun other related lawsuits.  *See* Complaint at 16, Section D.  Plaintiff Gregg states that he has applied for post-conviction relief in the District Court of Oklahoma County, that he is challenging his conviction based on his contention that his trial counsel was ineffective, and that the post-conviction action was pending as of the date the Complaint was filed.

[4]In an apparent attempt to circumvent the *Heck* bar, Plaintiffs cite *Wilkinson v. Dotson*, 544 U.S. 74 (2005) as the jurisdictional basis for this lawsuit.  In *Wilkinson*, the Supreme Court held that § 1983 remains available for procedural challenges to parole proceedings on the basis that such challenges do not necessarily result in speedier release and are not, therefore, at the "core" of habeas corpus.  *Wilkinson*, 544 U.S. at 82-83.  The holding in *Wilkinson* is inapplicable to the claims presented in Plaintiffs' Complaint.  Although Plaintiffs contend that they are challenging the state courts' "procedures" governing sentencing, their challenge is a direct attack on the duration of their
(continued...)

## RECOMMENDATION

It is recommended that Plaintiffs' action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) based on Plaintiffs' failure to state a claim upon which relief may be granted.  It is further recommended that the dismissal count as a "prior occasion" or strike as to each plaintiff pursuant to 28 U.S.C. § 1915(g).  The dismissal should count as a "prior occasion," however, only after the plaintiff has exhausted or waived his right to appeal.  *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiffs are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by March _6th_, 2007.  *See* LCvR72.1.  Plaintiffs are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[4](...continued)
confinement and their success in this action would  necessarily demonstrate the invalidity of their sentences.  Such an action lies at the "core" of habeas corpus.  Plaintiffs' claims are, therefore, barred by *Heck*.

7

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this

matter.

ENTERED this __14th__ day of February, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE