**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL LAWRENCE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) Case No. CIV-06-1266-F |
| | ) |
| THE HONORABLE ALLEN | ) |
| McCALL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On February 14, 2007, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation, wherein she recommended that plaintiffs' action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) based upon plaintiffs' failure to state a claim upon which relief may be granted. Specifically, Magistrate Judge Couch, relying upon the United States Supreme Court authorities of Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973), Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), Edwards v. Balisok, 520 U.S. 641, 648 (1997), and Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), found the dismissal of plaintiffs' claims under 42 U.S.C. § 1983 was required because their claims necessarily challenged the validity of their state court sentences and plaintiffs had failed to allege any facts that demonstrated prior invalidation of their sentences.

Presently before the court is plaintiffs' timely objection to the Report and Recommendation. Plaintiffs contend that their § 1983 claims, which allege that the Oklahoma sentencing procedures employed by the district courts in their respective

cases and upheld by the Oklahoma Court of Criminal Appeals are unconstitutional under the Sixth and Fourteenth Amendments, do not seek an invalidation of their sentences. Plaintiffs contend that the relief they seek with their claims is a declaration that the sentencing procedures applied in their cases are invalid under the Sixth and Fourteenth Amendments and an injunction which requires new sentencing proceedings for all plaintiffs. Plaintiffs contend that any ruling by this court would only cause each of the plaintiffs to have a new sentencing proceeding; it would not require that plaintiffs be entitled to immediate release or a shortening of their confinement. A favorable judgment by this court, plaintiffs argue, will have no affect whatsoever on their current judgments of convictions. Plaintiffs contend that their § 1983 claims are clearly cognizable under Wilkinson v. Dotson, 544 U.S. 74 (2005), wherein the Supreme Court held that prisoners could challenge the constitutionality of state parole procedures in an action under § 1983 seeking declaratory and injunctive relief; they were not required to seek relief exclusively under the federal habeas corpus statutes.

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court concurs with Magistrate Judge Couch that plaintiffs' § 1983 claims to the extent they seek declaratory relief and an injunction for immediate sentencing proceedings are subject to dismissal. The success of plaintiffs' claims for declaratory and injunctive relief would necessarily imply the invalidity of the sentences imposed by the district courts. The facts in this case are distinguishable from Wilkinson. As noted by Magistrate Judge Couch, "[a]lthough [p]laintiffs contend that they are challenging the state courts' 'procedures' governing sentencing, their challenge is a direct attack on the duration of their confinement and their success in this action would necessarily demonstrate the invalidity of their

sentences. Such an action lies at the 'core' of habeas corpus." The court agrees. The court therefore accepts, adopts and affirms the Report and Recommendation in regard to plaintiffs' § 1983 claims for declaratory relief and injunctive relief in the form of immediate sentencing proceedings.

To the extent that plaintiffs bring § 1983 claims for prospective injunctive relief requiring defendants to comply in the future with the Sixth and Fourteenth Amendments, the court does not find that such claim is subject to dismissal under the teachings of Preiser, Heck, Basilok and Wilkinson. Such claim as stated in Wilkinson, 544 U.S. at 82, will not necessarily imply the invalidity of plaintiffs' sentences. *Id.* ("[T]he prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are [ ] distant from [the habeas] core.") (emphasis in original). Nonetheless, the court finds that plaintiffs' § 1983 claims for prospective injunctive relief should be dismissed because plaintiffs do not allege any facts to show that plaintiffs are subject to pending criminal charges which may result in sentencing proceedings in the future. *See*, City of Los Angeles v. Lyons, 461 U.S. 95, 105-106 (1983) (a plaintiff lacks standing to seek prospective injunctive relief if he cannot show a real or immediate threat of future harm). Plaintiffs have not shown that they are subject to real or immediate threat of future harm from Oklahoma's alleged unconstitutional sentencing procedures.

Based upon the foregoing, the Report and Recommendation of United States Magistrate Judge Valerie K. Couch, filed February 14, 2007 (doc. no. 11), is **ACCEPTED**, **ADOPTED** and **AFFIRMED** to the extent above-stated. Plaintiffs' action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) based upon plaintiffs' failure to state a claim upon which relief may be granted. The dismissal shall count as a "prior occasion" or strike as to each plaintiff

pursuant to 28 U.S.C. § 1915(g), after each plaintiff has exhausted or waived his right to appeal.

DATED March 1, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1266p002.wpd